UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-10724-RGS

NEAL A. COWE,
PLAINTIFF,

v.

COMMONWEALTH OF MASSACHUSETTS,
DEFENDANT.

MEMORANDUM AND ORDER
May 12, 2009

STEARNS, D.J.

For the reasons set forth below: (1) plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED; and (2) this action is DISMISSED *sua sponte*.

BACKGROUND

On April 29, 2009, plaintiff Neal A. Cowe ("Cowe"), a resident of Newnan, Georgia, filed a self-prepared Complaint against the Commonwealth of Massachusetts. Cowe alleges that on April 23, 2008, he sustained permanent personal injuries while employed at a job site in Rosendale, Massachusetts.[1] He does not set forth the nature of his injuries nor the factual circumstances of the incident causing his injuries. He simply claims that he was working on federally-owned and state-operated property in connection with a Section 8 housing project,[2] and that the state's regulatory agencies were negligent by: (1) failing to check and verify that general contractors and/or sub-contractors possessed Workers

---

[1] Cowe indicates in his Complaint that he was working in Rosendale, however, in another pleading he indicates he was working in Roslindale, Massachusetts.

[2] Section 8 refers to a subsidized housing program for low income families and individuals. Federal assistance is made available through the United States Department of Housing and Urban Development. See 42 U.S.C. § 8.

Compensation insurance and general liability insurance to protect Cowe for injuries sustained on the job; (2) permitting the general contractors and sub-contractors to perform work while uninsured; and (3) hiring illegal aliens and/or aliens with expired visas or no proper work permits to operate motor vehicles.

Cowe seeks $500,000.00 in damages, including $50,000.00 in medical expenses, and in excess of $25,000.00 in lost wages (*i.e.* over $75,000.00 in actual damages).

Accompanying his Complaint, Cowe filed a document entitled "Complainant[']s Notice of Administrative Lawsuit" (Docket No. 2). The Notice is directed to the Massachusetts Attorney General. In that document, Cowe "gives notice of his Administrative [L]aw suit against the Commonwealth of Massachusetts, The United States of America and Several others." Id. at 1. Also accompanying the Complaint was a Motion for Leave to Proceed *in forma pauperis* (Docket No. 3).

## DISCUSSION

The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Cowe's financial disclosures contained in his *in forma pauperis* application indicating that he is unemployed, receiving Social Security disability benefits, and has no substantial assets or income, the Court finds that he has demonstrated sufficiently that he lacks funds to pay the $350.00 filing fee for this civil action. Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED.

Screening of the Complaint

Because Cowe is proceeding *in forma pauperis*, his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2). This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is

malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2);  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Complaints filed *in forma pauperis* may be dismissed *sua sponte* and without notice under §1915 if the claim is based on an indisputably meritless legal theory or factual allegations that are clearly baseless.  Id.; Denton, 504 U.S. at 32-33.

Further, in addition to the statutory screening requirements under § 1915, this Court has an independent obligation to inquire, *sua sponte,* into its own subject matter jurisdiction.[3]  McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).  "Whenever it appears... that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  "The existence of subject-matter jurisdiction 'is never presumed.'"  Id. (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  Id.

The Court liberally construes Cowe's Complaint because he is proceeding *pro se.*  See Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept. of Education, 209 F.3d 18, 23 (1st Cir. 2000).  However, upon review of the Complaint, the Court finds this action must be

---

[3] See In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988)("It is too elementary to warrant citation of authority that a court has an obligation to inquire sua sponte into its subject matter jurisdiction, and to proceed no further if such jurisdiction is wanting."); Pallazola v. Rucker, 797 F.2d 1116, 1128 (1st Cir. 1986) (dismissal warranted where subject-matter jurisdiction is lacking).  See also Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" quoting Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982)).

dismissed for the reasons set forth below.

Lack of Jurisdiction; Sovereign Immunity

Federal district courts may exercise jurisdiction over civil actions arising under federal laws, see 28 U.S.C. § 1331, and over certain actions in which the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, see 28 U.S.C. § 1332. Here, Cowe expressly asserts jurisdiction under 28 U.S.C. § 1331, yet he also appears to assert jurisdiction based on diversity of citizenship (he claims to be a resident (and presumed citizen) of Georgia, suing the Commonwealth of Massachusetts, and he claims that the amount in controversy exceeds $75,000.00). Nevertheless, in either case, this Court lacks jurisdiction over Cowe's claims.[4]

    1.    Negligence Claims Against the United States

While Cowe's Complaint itself does not identify the United States as a defendant in this action, his separate Notice of Administrative Claim (Docket No. 2) asserts that the United States's regulatory agencies were negligent in overseeing the general contractors and sub-contractors at the Section 8 housing worksite.

In view of this assertion in his contemporaneously-filed pleading, to the extent that this Court broadly construes Cowe's Complaint as asserting a negligence claim against the United States, this claim must be dismissed for lack of subject matter jurisdiction because he has not filed an administrative claim in accordance with the requirements of the Federal

---

[4] Concomitantly, this case must be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)(failure to state a claim upon which relief may be granted); and (iii) (suit for monetary relief against a defendant who his immune from such relief).

Tort Claims Act ("FTCA").[5]

It is well settled that, under the doctrine of sovereign immunity, the United States (including its various branches, departments, and agencies) enjoys immunity from suit except in those instances in which it has expressly consented to be sued.  See FDIC v. Meyer, 510 U.S. 471, 475 (1994); United States v. Testan, 424 U.S. 392 (1976).  A waiver of this immunity may never be implied from the factual circumstances of the particular case.  Rather, the waiver must be unequivocally expressed in each instance.  See United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992); United States v. Mitchell, 445 U.S. 535, 538, (1980).

The United States has waived its sovereign immunity for certain common law torts under the FTCA, 28 U.S.C. §1346(b), §2671 *et seq.*, including a waiver of immunity with respect to negligent or wrongful acts of federal employees.[6]  See McNeil v. United States,

---

[5]Although Cowe's Notice of Administrative Claim references a claim against "Several others," this Court cannot, even under a broad reading of the pleadings, consider that Cowe has asserted any cognizable claims against unidentified individuals.

[6]The FTCA contains a general waiver of sovereign immunity.  See 28 U.S.C. §§1346(b), 2674.  Section 1346(b) directs that "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government...."  28 U.S.C. §1346(b) (emphasis added).  Section 2675(a) provides, in relevant part, that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for

508 U.S. 106, 111-13 (1993); Barrett ex rel. Estate of Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006). However, before a federal court may exercise jurisdiction over such a claim, a plaintiff must have filed an administrative claim with the agency responsible for the alleged injury. See 28 U.S.C. § 2675(a); Acosta v. United States Marshals Serv., 445 F.3d 509, 514 (1st Cir. 2006) (FTCA requirement of filing of administrative claim is jurisdictional).[7] The litigant may seek relief in federal court only if (1) the agency formally denies the administrative claim; or (2) the agency fails to respond to the administrative claim within six months of the filing of the claim. See 28 U.S.C. § 2765(a); McNeil, 508 U.S. at 111-13 (where plaintiff exhausted administrative remedies after filing action in district court but before substantial progress was made in the litigation, district court properly dismissed suit); Barrett, 462 F.3d at 36-38 (where plaintiff exhausted administrative remedies after filing action in court but before defendants were served, court was without jurisdiction over the FTCA claim).

Because the FTCA waives sovereign immunity, the notice of claim required to be filed in order to begin the administrative review must be strictly construed. See Keene Corp. v. United States, 700 F.2d 836, 841 (2d Cir.1983); Byrne v. United States, 804 F. Supp. 577, 579 (S.D.N.Y.1992). The plaintiff has the burden to establish that he has filed

---

purposes of this section.

28 U.S.C. § 2675(a).

[7]The administrative claim must be filed within two years of accrual of the claim unless the action is begun within six months after the date of mailing of the agency's denial of the presentment. See 28 U.S.C. § 2401(b).

6

such a claim. <u>DiLorenzo v. United States</u>, 496 F. Supp. 79, 84 (S.D.N.Y.1980).[8]

Here, as noted above, Cowe has failed to allege in his Complaint or other pleadings that he satisfied the administrative presentment requirement under the FTCA. This Court cannot reasonably infer that Cowe's Notice of Administrative Lawsuit (Docket No. 2) satisfies this presentment requirement in any manner. Thus, this Court lacks jurisdiction to consider any negligence claims against the United States, and, to the extent he raises such a claim, it is DISMISSED *sua sponte*.

2. <u>Sovereign Immunity of the Commonwealth of Massachusetts</u>

Next, Cowe's negligence claim against the Commonwealth of Massachusetts must also be dismissed, since the Commonwealth of Massachusetts is not subject to suit in this Court, under the doctrine of sovereign immunity grounded in the Eleventh Amendment.[9]

---

[8] In order to discharge this burden, the plaintiff must allege in the complaint circumstances indicating the presentation of the administrative claim to, and final disposition of the claim by, the appropriate federal agency. <u>In re Agent Orange Product Liability Litigation</u>, 818 F.2d 210, 214 (2d Cir. 1987); <u>Altman v. Connally</u>, 456 F.2d 1114, 1116 (2d Cir. 1972). The claim presented to the agency must provide "sufficient information both to permit an investigation and to estimate the claim's worth." <u>Keene Corp. v. United States</u>, 700 F.2d at 842. The failure to allege presentation is fatal to a plaintiff's complaint. See <u>United States v. Kubrick</u>, 444 U.S. 111, 113 (1979) (action brought against the United States under the FTCA must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency); accord <u>Gonzalez-Bernal v. United States</u>, 907 F.2d 246, 248 (1st Cir. 1990) (same). If a claimant fails to comply with this requirement, his claim is "forever barred." 28 U.S.C. §2401(b). *Cf.* <u>Casey v. United States</u>, 635 F. Supp. 221 (D. Mass. 1986) (Tauro, J) (employee of contractor hired to work on federal building sued under the FTCA for injuries allegedly caused by unsafe work conditions and inadequate supervision; the United States could be liable as a joint tortfeasor under these theories, and wife could assert a pendant loss of consortium claim under the FTCA notwithstanding the failure to make a separate administrative presentation, where she was listed on her husband's administrative claim form).

[9] The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to

7

See Alabama v. Pugh, 438 U.S. 781, 781 (1978) (*per curiam*) (11th Amendment generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit).[10]

The Massachusetts Tort Claims Act ("MTCA"), the state counterpart to the FTCA, permits recovery for liability against public employers, including the Commonwealth of Massachusetts, and serves as a waiver of sovereign immunity under certain circumstances.[11] Before filing suit, however, a party must first have presented the claim to the executive officer of the public employer and received a final decision on the claim. Mass. Gen. Laws ch. 258, § 4.

---

> any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XI.

[10] See also Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985) (citing Pugh) (unless a State has "waived its Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought."); cf. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of §1983); Quern v. Jordan, 440 U.S. 332, 344 (1979) (Congress did not override state's Eleventh Amendment immunity in enacting §1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (there has been no unequivocal abrogation of the Commonwealth's 11th Amendment immunity).

[11] Mass. Gen. Laws ch. 258, § 2 provides, in relevant part:

> Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances, except that public employers shall not be liable to levy of execution on any real and personal property to satisfy judgment, and shall not be liable for interest prior to judgment or for punitive damages or for any amount in excess of one hundred thousand dollars....

Id.

Here, it is unknown whether Cowe complied with the presentment requirements of § 4, since the Complaint does not expressly assert an MTCA claim, nor does Cowe state whether he had received a final agency decision on the claim. Rather, it may be that his Notice of Administrative Claim (Docket No. 2) is his attempt to satisfy the presentment requirement. Even if this were the case, however, Cowe has failed to obtain a final agency decision, and thus any lawsuit is premature.

Moreover, even if Cowe had made the requisite presentment under the MTCA, his negligence claim against the Commonwealth of Massachusetts may not be brought in federal court, as the Commonwealth of Massachusetts has not waived its sovereign immunity to suit in <u>federal</u> court. See Caisse v. DuBois, 346 F.3d 213, 218 (1st Cir. 2003) ("By enacting the Massachusetts Tort Claims Act, the Commonwealth has not waived its Eleventh Amendment immunity to suit in federal court.").[12]

---

[12] See also Rivera v. Com. of Massachusetts, 16 F. Supp. 2d 84, 87 (D. Mass. 1998) ("The Commonwealth has expressly exercised its prerogative to waive its sovereign immunity only insofar as claims are brought against it in its own judicial fora. '[A] State's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued.' [quoting Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98 (1984)]. As a result, a state may waive its sovereign immunity against suits in state court while maintaining its sovereign immunity against the same suits in federal court."); Irwin v. Comm'r of Dep't of Youth Servs., 388 Mass. 810, 448 N.E.2d 721, 727 (1983) (answering question certified by the United States District Court for the District of Massachusetts, to the effect that jurisdiction conferred on the superior court under the MTCA (Mass. Gen. Laws ch. 258, § 3) is exclusive); Irwin v. Calhoun, 522 F. Supp. 576 (D. Mass. 1981)(Garrity, J.) (certifying question). Cf Rivera, 16 F. Supp. 2d at 88 (a state has no power to deprive federal courts of diversity or supplemental jurisdiction over state law causes of action; MTCA claims may be brought against municipalities or political subdivisions (*i.e.*, parties not protected by the Eleventh Amendment) where the jurisdiction of the superior court is not exclusive); Hindes v. FDIC, 137 F.3d 148, 168 n.15 (3d Cir. 1998) ("a state statute cannot be applied so as to limit a federal court's supplemental jurisdiction.").

In light of all of the above, Cowe's negligence claims against the Commonwealth of Massachusetts must be dismissed.

## CONCLUSION

For the foregoing reasons, it is hereby Ordered that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 3) is ALLOWED;

2. This action is DISMISSED *sua sponte*.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE